UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEANNE GOULDING,

              Plaintiff,

v.                                        Civil Action No.

VERIZON COMMUNICATIONS, INC.
d/b/a VERIZON WIRLESS,

              Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C.§ 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business in the Western District of New York and the conduct complained of occurred in the Western District of New York

### III. PARTIES

4. Plaintiff, Dianne Jones, is a natural person residing in County of Erie and State of New York.

5. Defendant, Verizon Communications, Inc. d/b/a Verizon Wireless ("Verizon"), is a corporation organized under the laws of Delaware doing business in the State of New York.

6. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated, routed, and/or terminated telecommunications.

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to contact consumers.

9. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

10. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

12. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(2).

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

15. That on or about 2014, the Defendant began calling and leaving automated voicemails to the Plaintiff's cellular telephone regrading an outstanding bill for Plaintiff's ex-boyfriend, Keith Budney.

16. At that time, Plaintiff and Mr. Budney each had separate cellular numbers through Verizon but they were listed on a single account through a family plan.

17. That the Defendant would leave automated and/or pre-recorded voice messages on Plaintiff's cellular telephone that pertained to Mr. Budney's account.

18. That in or around July 2014, Plaintiff informed the Defendant that she no longer co-habited with Mr. Budney and that Mr. Budney needed to have his own separate Verizon account.

19. In response, Defendant separated the Plaintiff' cellular telephone number from the original account wherein her number and Mr. Budney's cellular number were on the same plan.

20. Plaintiff from that point on had her own account relative to her cellular telephone number as did Mr. Budney.

21. Plaintiff also then requested that the Defendant no longer contact her about Mr. Budney's account.

22. That despite the above instructions and having separated her account from Mr. Budney's account, Defendant has continued to call the Plaintiff on her cellular telephone regarding Mr. Budney's account.

23. That Plaintiff has never provided express consent to the Defendant to call her on her cellular telephone regrading Mr. Budney's account.

24. That the Defendant initiated multiple telephone calls and voicemails to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted artificial messages.

25. The Defendant initiated and repeated, the following automated voicemail to the Plaintiff's cellular device:

    "This is Verizon Wireless Financial Services with an urgent service alert. We are contacting you again regarding an important matter with the status of the wireless account belonging to Keith Budney. Please call us today at 1-800-754-0961, where you will be promoted to entered your ten digit reference number 716-491-9255. Once again the number to call is 1-800-754-096 and the reference number is 716-491-9255."

26. That other times, when Plaintiff would answer her phone, an automated prompt would play stating that it was Verizon calling for Keith Budney and to press 1 if you are Keith and press 2 if the receipt was not Keith.

27. That the telephone calls and voicemails made by the Defendant at times rendered Plaintiff's telephone unusable due to the excessive number of messages and calls.

28. That the telephone calls and voicemails from the Defendant are annoying and upsetting to the Plaintiff.

### V. COUNT ONE
(Telephone Consumer Protection Act of 1991
and 47 C.F.R. 64.1200, et seq.)

29. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

30. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.64.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having consent of Plaintiff to make such calls and leave such messages.

31. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable teletelephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

33. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience emotional distress.

34. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs.

35. Plaintiff received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B),

36. The Defendant caused said teletelephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages  pursuant to the TCPA, 47 U.S.C.§227(b)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B).

(c) Treble damages pursuant to 47 U.S.C. §227(b)(3);

(d) For such other and further relief as may be just and proper.

Dated: January 25, 2022

/s/ Seth J. Andrews, Esq. _____
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288 phone
Email: sandrews@kennethhiller.com
         khiller@kennethhiller.com